UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:22-mj-1206-CPT

CARLTON EUGENE HOOKER, JR.
_____/

**O R D E R**

Before the Court are Defendant Carlton Eugene Hooker, Jr.'s *Motion Requesting Reconsideration [ ]* (Doc. 17), his *Motion Requesting a Hearing [ ]* (Doc. 30), and his *[ ] Motion for Judicial Notice of Adjudicative Facts* (Doc. 32).  The government filed a response in opposition to Hooker's motions for reconsideration and for a hearing (Docs. 22, 31), and Hooker submitted a reply to the government's former response with the Court's permission (Docs. 28, 29).  For the reasons discussed below, Hooker's motions are denied.

I.

This case stems from a violation notice filed against Hooker which alleged that he trespassed upon the Department of Veterans Affairs (VA) facility located in Bay Pines, Florida in December 2021 (hereinafter, Violation Notice).  (Doc. 1).  Several months later, the government moved to dismiss the Violation Notice without prejudice.  (Doc. 7).

While the government's motion was still pending, Hooker sought to dismiss the Violation Notice with prejudice and also requested that the Court overturn a previously instituted lifetime ban prohibiting him from accessing the Bay Pines VA facility. (Doc. 8). Of significance here, Hooker attempted to challenge this lifetime ban at least once before in a civil suit brought against the Secretary of the VA and the Director of Bay Pines. *See Hooker v. Wilkie, et al.*, No. 8:18-cv-696-VMC-TGW, 2018 WL 4107952 (M.D. Fla.) (hereinafter, *Wilkie* action). The presiding judge in the *Wilkie* action—the Honorable Virginia M. Hernandez Covington—dismissed Hooker's claims and additionally denied numerous efforts by him to re-open the matter, *id.* at Docs. 57, 60, 62, 71, 76, 78, 80, noting in one of her Orders that Hooker had filed "numerous lawsuits" against the VA and its employees in the past and that he had been designated a vexatious litigant in 2015, *id.* at Doc. 71 at 1–2.[1] Judge Covington also directed the Clerk of Court not to accept any further filings from Hooker in the *Wilkie* action and to revoke his CM/ECF privileges. *Id.* at Docs. 73, 78, 80.

In response to Hooker's motion to dismiss and to overturn his lifetime ban in this case, the government stated it did not object to a dismissal of the Violation Notice with prejudice only to the extent it would not prosecute Hooker on that charge. (Doc. 12). The government, however, opposed the additional relief requested by Hooker

---

[1] Last month, the Honorable Thomas P. Barber again declared Hooker to be a vexatious litigant and enjoined him from filing any new documents in this District unless such submissions were signed by an attorney. *Hooker v. Virginia M. Hernandez Covington, et al.*, 8:22-cv-1862-TPB-JSS, Doc. 3 (M.D. Fla. Aug. 22, 2022).

2

relative to the lifetime ban. *Id*. After reviewing the matter, the Court dismissed the Violation Notice with prejudice, denied Hooker's motion to dismiss in all other respects, and instructed the Clerk of Court to close the case. (Doc. 13).

Hooker's instant motions for reconsideration, for a hearing, and for judicial notice of adjudicative facts followed. (Docs. 17, 30, 32). By way of his first submission, Hooker seeks (1) to reopen this case so that he can challenge "the VA's lifetime ban" based upon evidence purportedly revealing a "fraud on the court;" and (2) the issuance of an injunction "prohibit[ing] the VA from refiling any criminal charges against [him]." (Doc. 17). In his second motion, Hooker requests that the Court afford him an opportunity to question Judge Covington at a hearing about her findings in the *Wilkie* action. (Doc. 30). And in his third motion, Hooker asks that the Court take judicial notice of certain documents filed in the *Wilkie* matter. (Doc. 32).

II.

Hooker's motions for reconsideration and for a hearing are wholly without merit. Hooker does not cite any basis—nor is the Court aware of any—which would permit him to employ this miscellaneous criminal case predicated upon a violation notice as a mechanism to undo a prior decision entered by a District Judge in an entirely separate civil action like the *Wilkie* matter, and also to question that District Judge at a hearing regarding the determinations she made in the earlier lawsuit. This is particularly true given that the District Judge here—Judge Covington—denied multiple efforts by Hooker to re-open the *Wilkie* case. And because Hooker's request

3

to reopen the *Wilkie* action fails, so too does his request for the Court to take judicial notice of certain documents submitted in that matter.

### III.

Based upon the foregoing, it is hereby ORDERED:

1. Hooker's *Motion Requesting Reconsideration [ ]* (Doc. 17) is denied.

2. Hooker's *Motion Requesting a Hearing [ ]* (Doc. 30) is denied.

3. Hooker's *[ ] Motion for Judicial Notice of Adjudicative Facts* (Doc. 32) is denied as moot.

4. This case is closed and shall remain closed.

SO ORDERED in Tampa, Florida, this 14th day of September 2022.

*(signature)*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
*Pro se* Defendant
Counsel of record